United States District Court
Southern District of Texas
**ENTERED**
October 21, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| GENARO MOGOYAN-BENITEZ,<br>"Petitioner,"<br><br>v.<br><br>MIGUEL VERGARA, *et al.*,<br>*in their official capacities*,<br>"Respondents." | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:26-cv-00795 |

## ORDER

Before this Court are Petitioner's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (Dkt. No. 1) ("Petition"); the "Magistrate Judge's Report and Recommendation" (Dkt. No. 4) ("R&R"); and "Petitioner's Objections to the Magistrate Judge's Report and Recommendation" (Dkt. No. 6) ("Objections").

The Objections inform the Court of Petitioner's removal from the United States while his Petition was pending. Dkt. No. 6 at 1. The Court concludes from this filing that the Petition is now moot.[1] For the Court to retain subject matter jurisdiction over this case, the Petition must continue to present a live case or controversy. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (internal citations omitted). Otherwise, the case is moot, and the Court lacks jurisdiction. A case becomes moot when it is "impossible for a court to grant any effectual relief whatever to the prevailing party." *Id.* (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)).

Here, the Petition challenges mandatory detention under 8 U.S.C. § 1225(b)(2) and seeks relief in the form of an individualized hearing or release from Respondents' custody. *See* Dkt. No. 1 at 7, 14-15. But Petitioner's removal necessarily ended the challenged detention and placed him beyond Respondents' custody. The Court therefore can no longer grant the relief sought in the Petition, and no live case or controversy remains.

Nor do the collateral consequences identified by Petitioner defeat mootness. *See* Dkt. No. 6 at 3. The collateral-consequences doctrine "preserves habeas review" for situations where a petitioner is no longer detained but continues to suffer adverse consequences from the challenged

[1] Because mootness "is a jurisdictional matter [,]" courts are "obliged" to raise the issue "sua sponte." *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

action. *Nieto-Ramirez v. Holder*, 583 F. App'x 330, 332 (5th Cir. 2014) (internal citations omitted). Yet "collateral consequences must stem from the underlying cause of action to salvage justiciability." *Mendoza-Flores v. Rosen*, 983 F.3d 845, 848 (5th Cir. 2020).[2] That requirement is not satisfied here. The collateral consequences Petitioner identifies arise from his removal order and subsequent removal—not from the detention without a bond hearing challenged in his Petition. *See* Dkt. No. 6 at 3-4; *see also* Dkt. No. 1 at 14-15. Because Petitioner identifies no continuing collateral consequence stemming from the detention challenge before this Court, the collateral-consequences doctrine does not preserve a live case or controversy.

For these reasons, the Petition (Dkt. No. 1) is hereby **DISMISSED** sua sponte as moot. Because it addresses the merits of a now-moot Petition, the Court declines to adopt the R&R (Dkt. No. 4). Petitioner's Objections (Dkt. No. 6) are further **OVERRULED as moot.** The Clerk of Court is **INSTRUCTED** to close this case.

Signed on this 21st day of October 2026.

Rolando Olvera
United States District Judge

[2] *See also Nieto*, 583 F. App'x at 331-32 (holding that where the "claimed grounds for relief go only to [the petitioner's] detention … [but] not the underlying removal proceedings or its collateral consequences," the petition is moot once the petitioner is removed). As in *Nieto*, the Petition here seeks relief from detention, not Petitioner's underlying removal proceedings. *See* Dkt. No. 1 at 14-15.